**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **KRISTEN DVORAK**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 2016 CV 8773 |
| -vs- | ) | |
| | ) | Judge: |
| **TARGET CORPORATION**, a foreign corporation, d/b/a **Target**, d/b/a **Hillside Super Target**; and **TARGET CORPORATION**, a domestic corporation d/b/a **Target**, d/b/a **Hillside Super Target** | ) | Magistrate Judge: |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

Pursuant to *Title 28 U.S.C. §1441, et seq.*, and *28 U.S.C. §1332,* Defendant, **TARGET CORPORATION,** by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No. 2016 L 007871, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. On or about August 9, 2016, Plaintiff, Kristen Dvorak, initiated the above captioned lawsuit by filing a Complaint entitled *Kristen Dvorak v. Target Corporation*, *et al*, docket No. 2016 L 007871 in the Circuit Court of Cook County, Illinois. A copy of the initial Complaint at Law is attached hereto, labeled Exhibit "A", and incorporated herein by reference.

2. On or about August 9, 2016, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. A copy of said Summons is attached hereto, labeled Exhibit "B", and incorporated herein by reference.

3. Service was obtained on Target Corporation's registered agent on August 11, 2016.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. §1332 and 28 U.S.C. §1441 for the following reasons:

(a) Plaintiff, Kristen Dvorak, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiffs' Complaint herein, the amount of damages sought in this action by Plaintiff is in an amount in excess $50,000.00.Plaintiff's Counsel has submitted an affidavit stating that the damages sought exceed $50,000.00. Plaintiff claims to have suffered severe and permanent injuries as a result of the occurrence alleged in her complaint and that she has and will continue to suffer great pain and mental anguish and loss of a normal life, and has and will in the future incur medical expenses to treat said injuries, and has and will suffer from disability and disfigurement as a result of the incident alleged in the complaint. Such allegations are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 939 (N.D. Ill. 2002*); Varkalis v. Werner Co. & Lowe's Home Center*, 2010 U.S. Dist LEXIS 84970 (N.D. Ill. 2010*),* a copy of which decision is attached hereto as Exhibit "C";

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to *28 U.S.C. § 1441(a).*

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION,** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.,

By: /s/Robert M. Burke
Robert M. Burke, One of the
Attorneys for Target Corporation

ROBERT M. BURKE (6187403)
JOHNSON & BELL, LTD.
33 West Monroe Street, #2700
Chicago, Illinois 60603
Telephone: (312) 0770
e-mail: burker@jbltd.com

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED-2
2016 AUG -9 AM 11:
CIRCUIT COURT OF COOK COUNTY, ILLINOIS
LAW DIVISION
DOROTHY BROWN

KRISTEN DVORAK,

Plaintiff,

v.

TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target.

Defendants.

No. 2016L007871
CALENDAR/ROOM F
TIME 00:00
Premises Liability

**PLAINTIFFS DEMAND TRIAL BY JURY**

**COMPLAINT AT LAW**

NOW COME the Plaintiff, KRISTEN DVORAK, by and through her attorneys, ROMANUCCI & BLANDIN, and complaining of Defendants, TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target; pleading hypothetically and in the alternative, hereby states as follows:

**FACTUAL ALLEGATIONS AND JURISDICTION**

1. On August 11, 2014, and at all times relevant herein, Plaintiff, KRISTEN DVORAK (hereinafter "DVORAK"), was a resident of 5 Indigo Court in the Village of Bolingbrook, Will County, Illinois.

2. At all times relevant herein, there was a law in full force and effect in the State of Illinois governing venue, 735 ILCS 5/2-102, which, *inter alia*, provides that any private corporation is a resident of any county in which it has its registered office or other office or is doing business.

DEFENDANT'S EXHIBIT A

3. On August 11, 2014, and at all times relevant herein, Defendants, TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and/or TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target (herein collectively referred to as "TARGET") had a place of business listed at 130 S Mannheim Road in the Village of Hillside, Cook County, Illinois.

4. On August 11, 2014, and at all times relevant herein, there existed a retail store incorporated under the laws of and licensed to do business at 130 S Mannheim Road in the Village of Hillside, Cook County, State of Illinois, commonly known as Target (hereinafter "Hillside Super Target").

5. On August 11, 2014, and at all times relevant herein, Defendants TARGET was doing business as Hillside Super Target.

6. On August 11, 2014, and at all times relevant herein, Defendants TARGET owned the premises located at 130 S Mannheim Road in the Village of Hillsdale, Cook County, Illinois.

7. On August 11, 2014, and at all times relevant herein, Defendants TARGET operated the premises located at 130 S Mannheim Road in the Village of Hillsdale, Cook County, Illinois.

8. On August 11, 2014, and at all times relevant herein, Defendants TARGET managed the premises located at 130 S Mannheim Road in the Village of Hillsdale, Cook County, Illinois.

9. On August 11, 2014, and at all times relevant herein, Defendants TARGET maintained the premises located at 130 S Mannheim Road in the Village of Hillsdale, Cook County, Illinois.

10. On August 11, 2014, and at all times relevant herein, Defendants TARGET controlled the premises located at 130 S Mannheim Road in the Village of Hillsdale, Cook County, Illinois.

11. On August 11, 2014, and at all times relevant herein, Hillside Super Target was open for business to the general public.

12. On August 11, 2014, and at all times relevant herein, there existed a puddle of yellow green liquid on the floor of Hillside Super Target.

13. On August 11, 2014, and at all times relevant herein, said puddle existed in the salad aisle in a pathway used by customers of Hillside Super Target.

14. At no time on August 11, 2014, did an employee, agent, and/or servant of Defendants TARGET clean the puddle of yellow/green liquid existing on the floor of the salad aisle of Hillside Super Target.

15. At no time on August 11, 2014, did an employee, agent, and/or servant of Defendants TARGET warn customers of said puddle.

16. At no time on August 11, 2014, did an employee, agent, and/or servant of Defendants TARGET place signs near said puddle.

17. At no time on August 11, 2014, did an employee, agent, and/or servant of Defendants TARGET place barricades near said puddle to prevent customers from slipping on said puddle.

18. On August 11, 2014, Plaintiff DVORAK was a customer at Hillside Super Target and was walking through the salad aisle on the premises.

19. As Plaintiff DVORAK walked through the salad aisle of Hillside Super Target, Plaintiff, DVORAK, slipped on the aforementioned puddle on the floor, located in the salad

aisle.

20. As a result of slipping into the aforementioned puddle on the floor, Plaintiff DVORAK fell and was injured.

## COUNT I—NEGLIGENCE

***Kristen Dvorak v. TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and/or TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target***

21. Plaintiff incorporates by reference paragraphs 1 through 20 of the Factual Allegations, as though fully stated herein.

22. At all times stated herein, it was the duty of the Defendants TARGET as owners, occupiers and/or managers of Hillside Super Target, by and through its agents, employees and/or servants, to exercise ordinary care to see that the premises were in a reasonably safe condition so as not to cause injury to individuals, including Plaintiff DVORAK lawfully on said premises.

23. Notwithstanding said duty, on the aforesaid date and at said place, Defendants TARGET by and through its duly authorized agents, employees, and/or servants committed one or more of the following acts and/or omissions:

a. Allowed a dangerous condition to exist in the pathway of their store by failing to take the appropriate steps to clean up a spill on the floor even though they knew, or in the exercise of ordinary care, should have known that the same created a hazard to invitees and other persons, including Plaintiff DVORAK;

b. Created a dangerous condition by failing to properly warn and/or notify invitees such as Plaintiff DVORAK of the dangerous condition, the puddle, which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

c. Created a dangerous condition by failing to place signs notifying invitees such as Plaintiff DVORAK of the dangerous condition, the puddle, which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

d. Created a dangerous condition by failing to place barricades near said puddle to prevent invitees such as Plaintiff DVORAK from slipping on the puddle which was present in her pathway even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff, would not have knowledge of said dangerous condition, thereby creating a hazard for Plaintiff;

e. Failed to provide a safe means of ingress/egress to and from departments in their store, even though they knew or, in the exercise of ordinary care, should have known that invitees or other persons, including Plaintiff DVORAK would be using said pathway to access said departments and knew that there was a puddle in said pathway which created a hazard for Plaintiff;

f. Failed to otherwise prevent access of invitees such as Plaintiff DVORAK to the pathway traversing over the puddle; and

g. Were otherwise careless and/or negligent.

24. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff DVORAK was caused to be injured by the puddle on the floor, and suffered significant injuries and resulting damages.

25. As a direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff DVORAK sustained injuries of a personal and pecuniary nature.

26. As a further direct and proximate result of one or more of the foregoing acts and/or omissions, Plaintiff DVORAK suffered severe and permanent injuries, both internally and externally; and as a consequence thereof, Plaintiff has suffered and will continue to suffer great pain and mental anguish and loss of a normal life; that in addition thereto, Plaintiff has incurred and will in the future incur reasonable and necessary medical expenses in endearing to treat of said injuries; and that Plaintiff has and will suffer from disability and disfigurement, and has otherwise been damaged in a pecuniary way.

WHEREFORE, Plaintiff DVORAK by and through her attorneys, ROMANUCCI & BLANDIN, prays for judgment against Defendants TARGET for an amount in excess of FIFTY

THOUSAND DOLLARS ($50,000.00), the jurisdictional limit of the law division of the Circuit Court of Cook County.

Respectfully Submitted,
ROMANUCCI & BLANDIN

By: ______________________
Attorney for Plaintiff

Bruno R. Marasso
ROMANUCCI & BLANDIN, LLC
321 N. Clark St., Ste. 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875
Email: bmarasso@rblaw.net

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| KRISTEN DVORAK,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target.<br><br>Defendants. | ) | No.<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY** |

## AFFIDAVIT REGARDING DAMAGES SOUGHT

Bruno R. Marasso, being first duly sworn under oath, states as follows:

1. That your affiant is one of the attorneys of record for the party in this matter.
2. That the total money damages sought in this civil action exceeds $50,000.

FURTHER AFFIANT SAYETH NOT

Bruno R. Marasso

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109 (1993), I certify that the statements set forth herein are true and correct.

Bruno R. Marasso
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875
bmarasso@rblaw.net

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

FILED-2
2016 AUG -9 AM 11:19
CIRCUIT COURT OF COOK COUNTY, ILLINOIS LAW DIVISION
CLERK

| | | |
|---|---|---|
| KRISTEN DVORAK, Plaintiff, v. TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target. Defendants. | ) | No. 2016L007871 CALENDAR/ROOM F TIME 00:00 Premises Liability<br><br>**PLAINTIFFS DEMAND TRIAL BY JURY** |

**JURY DEMAND**

The undersigned demands a jury trial.

Respectfully Submitted,
ROMANUCCI & BLANDIN, LLC

By: [signature]
Bruno R. Marasso

Bruno R. Marasso
ROMANUCCI & BLANDIN, LLC
321 N. Clark Street, Suite 900
Chicago IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
Attorney No.: 35875
bmarasso@rblaw.net

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

SUMMONS (7-90) CCG-1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

KRISTEN DVORAK

Plaintiff,

v.

TARGET CORPORATION, a foreign corporation, d/b/a Target, d/b/a Hillside Super Target; and TARGET CORPORATION, a domestic corporation, d/b/a Target, d/b/a Hillside Super Target

Defendants.

No.: 2016 L 007871

**PLEASE SERVE:**
C T Corporation System
208 S LaSalle St, Suite 814
Chicago, IL 60604

## SUMMONS

To: All Defendants

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location: Richard J. Daley Center, 50 West Washington Street, Room 801, Chicago, Illinois 60602.

You must file within 30 days after service of this summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Atty. No.: 35875

Name: BRUNO R. MARASSO, ROMANUCCI & BLANDIN

Attorney for: Plaintiff

Address: 321 North Clark Street, Suite 900

City/State/Zip: Chicago, Illinois 60654

Telephone: 312-458-1000

WITNESS______________________, ______

DOROTHY BROWN

Clerk of Court AUG 09 2016

Date of service:______________________, ______

(To be inserted by officer on copy left with defendant or other person)

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DEFENDANT'S EXHIBIT B

8/12/2016 000142091G0001 602016081200941O

Lexis®

Switch Client | Preferences | Help | Sign Out

Search | Get a Document | *Shepard's®* | More | History | Alerts

FOCUS™ Terms [ ] Go Advanced...

Get a Document [ ] Go View Tutorial

Service: **Get by LEXSEE®**
Citation: **2010 U.S. Dist. LEXIS 84870**

*2010 U.S. Dist. LEXIS 84870, **

View Available Briefs and Other Documents Related to this Case

MARY VARKALIS, as Independent Administrator of the Estate of MICHAEL VARKALIS, Plaintiff, v. WERNER CO. & LOWE'S HOME CENTER INC., d/b/a LOWE'S Defendants.

No. 10 C 03331

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

2010 U.S. Dist. LEXIS 84870

August 18, 2010, Decided
August 18, 2010, Filed

**CORE TERMS:** removal, notice, amount in controversy, jurisdictional, removable, untimely, admit, warranty, citations omitted, ad damnum, medical expenses, diverse, clock, ripe, reasons stated, brain damage, diversity jurisdiction, irreversible, stepladder, buckled, garage, ladder

**Available Briefs and Other Documents Related to this Case:**

U.S. District Court Motion(s)
U.S. District Court Pleading(s)

**COUNSEL:** **[*1]** For Mary Varkalis, estate of Michael Varkalis, Plaintiff: Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL.

For Werner Co., Lowe's Home Centers, doing business as Lowe's, Defendants: Michael Joseph Meyer, LEAD ATTORNEY, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL.

**JUDGES:** Blanche M. Manning, United States District Judge.

**OPINION BY:** Blanche M. Manning

**OPINION**

**MEMORANDUM AND ORDER**

The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.



DEFENDANT'S EXHIBIT C

**I. FACTS**

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.

**II. PROCEDURAL HISTORY**

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, [*2] breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at P6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at P7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to [*3] admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

**III. ANALYSIS**

**A. Standard for Removal**

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.*, 487 F. Supp. 2d 1009, 1015 (S.D. Ill. 2007)("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.")(internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI Handling Systems, Inc.*, 188 F.3d 780, 782 (7th Cir. 1999)(*citing* [*4] 28 U.S.C. §1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman*, No. 04 C 5340, 2005 U.S. Dist. LEXIS 12270, 2005 WL 497794, at *5 (N.D. Ill. Feb. 28, 2005).

**B. Amount in Controversy**

The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be

arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

**FOOTNOTES**

1 It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading [*5] from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. #12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought [*6] only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.*, No. 02 C 2854, 2002 U.S. Dist. LEXIS 13880, 2002 WL 1759800, **2-3 (N.D. Ill. Jul. 29, 2002); *Abdishi v. Phillip Morris, Inc.*, No. 98 C 1310, 1998 U.S. Dist. LEXIS 8640, 1998 WL 311991, at *1-3 (N.D. Ill. June 4, 1998). In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch*, 274 F. Supp. 2d 965, 969 (N.D. Ill. 2003)(*citing McCoy v. GMC*, 226 F. Supp. 2d 939, 941 (N.D. Ill. 2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not explicitly [*7] stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.*, 371 F. Supp. 2d 943, 947 (N.D. Ill. 2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege **serious, permanent injuries** and **significant medical expenses**" which exceed $75,000 on the **face** of the **complaint.** *Fields v. Jay Henges Enters.*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457, at *3 (S.D. Ill. June 30, 2006). *See also RBC Mortgage Co.*, 274 F. Supp. 2d at 969 (**complaints** alleging "**serious, permanent injuries**" are "unambiguous[ly]" ripe for **removal** because the plaintiff almost certainly will seek more than $75,000)(citation omitted); McCoy, 226 F. Supp. 2d at 941 (the **30-day removal period** under the first **sentence** of § **1446(b)** is triggered when the **complaint** alleges "**serious, permanent injuries** and **significant medical expenses**, [and] it is **obvious** from the **face** of the **complaint** that the plaintiffs' **damages exceed**[] the **jurisdiction[al] amount**").

Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the [*8] defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields*, No. 06-323-GPM, 2006 U.S. Dist. LEXIS 47948, 2006 WL 1875457,

at *7 ("defendants should never . . . be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.*, No. 97 C 3842, 1997 U.S. Dist. LEXIS 13282, 1997 WL 548043, at *5 (N.D. Ill. Sept. 2, 1997)(*citing Mielke v. Allstate Ins. Co.*, 472 F. Supp. 851, 853 (D.C. Mich. 1979)("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**FOOTNOTES**

2 The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

**IV. CONCLUSION**

For the reasons stated **[*9]** above, the motion to remand the case to the Circuit Court of Cook County [8-1] is granted. The clerk is directed to remand this matter forthwith.

**ENTER: August 18, 2010**

/s/ Blanche M. Manning

**Blanche M. Manning**

**United States District Judge**

Service: **Get by LEXSEE®**
Citation: **2010 U.S. Dist. LEXIS 84870**
View: Full
Date/Time: Thursday, June 26, 2014 - 11:11 AM EDT

LexisNexis® About LexisNexis | Privacy Policy | Terms & Conditions | Contact Us
Copyright © 2014 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.